**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WILLIAM SCHEIDLER,

    Plaintiff,

        v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Civil Action No. 19-373 (JEB)

<u>MEMORANDUM OPINION</u>

Plaintiff William Scheidler takes issue with many of the decisions and practices of the state and federal judiciaries, particularly as they pertain to his various lawsuits. He filed this *pro se* suit against a range of Defendants, seeking almost half a million dollars in damages and to have a variety of court actions set aside and other actions compelled. The Government now files a Motion to Dismiss, contending that this Court lacks subject-matter jurisdiction as to some of Scheidler's claims and that he has not stated a claim as to others. Agreeing on both scores, the Court will grant the Motion and dismiss the case.

## I.    Background

Plaintiff's pleading is not a model of clarity. It reads instead as a catalog of grievances he has suffered at the hands of various judicial bodies. The Court, nevertheless, will attempt to sketch the facts that it discerns underlie the five claims that Scheidler seems to be asserting.

On February 11, 2019, he filed the instant Complaint, naming as Defendants the United States, Chief Justice John Roberts, and Jane and John Does of the judicial branch 1-100. <u>See</u> ECF No. 1 (Complaint) at 1. He alleges that he "mailed [a] tort claim . . . to Chief Justice Roberts" at the Supreme Court in July of 2018. <u>Id.</u> A few weeks later, he mailed the same

papers to President Trump.  Id. at 2.  He first asserts that because "[t]here has been no response by either the President or Chief Justice Roberts" after six months, his "claim" has been denied. Id.  Although he does not describe the substance of that claim, it appears to be related to the same facts that motivated the instant suit — namely, that Plaintiff has been unsuccessful in his efforts to recuse judges handling a variety of cases he has filed over the years.  Scheidler believes that judicial officers did not properly perform their duties related to his litigation and that he is, as a result, entitled to damages.  See ECF No. 7 (Plaintiff's Opposition) at 1 (agreeing this is "gist" of his claim).

He explains that "[f]ederal judicial branch officials, employees, and surrogates have abridged or modified the . . . substantive rights of [P]laintiff, by enlarging their own powers." See Compl. at 4 (internal quotation marks omitted).  Scheidler "filed motions to disqualify judges for bias and actual conflict," but all those motions — including those in his filings to the Supreme Court — were "decided by other judges," so that "judges-judged-judges with respect to the laws and rules that appl[ies] to judges." Id.  He names two district judges who belong to the Washington state bar, which he believes improperly controls the judicial branch. Id. at 4–6.  And he explains specifically that, when he "sued the Bar," a judge — who was a member of the Bar — dismissed the case, showing that there is "a racket between bar associates and their judges." Id. at 7.  As a result, he contends that the decisions of two district judges in the state of Washington "must be considered null and void." Id. at 8.

Plaintiff then offers a lengthy explanation of his state-court litigation and state laws that the federal judiciary has "abridged." Id. at 10–23.  He focuses particularly on a dispute with one of his former attorneys, Scott Ellerby. Id. at 13–14.  Scheidler filed a "[Washington State Bar Association] grievance . . . against . . . Ellerby, based upon Ellerby's conspiring with [a]

prosecutor in the scheme to deprive [P]laintiff of counsel." Id. at 14. He believes the state judge reviewing the grievance acted improperly and "abuse[d] [his] powers." Id. at 15.

In summarizing towards the end of his pleading, he explains that "[t]his case concerns the policies, customs, practices, and rules that are utilized improperly, unlawfully and unconstitutionally by judicial officers — judges and lawyers." Id. at 23 (internal quotation marks omitted). Specifically, he asserts that "[Washington] State's judicial branch" has violated the Tenth Amendment of the U.S. Constitution, as well as the state constitution and a variety of federal and state statutory provisions. Id. at 26. The "U.S. judicial branch" has likewise "deprive[d]" him of his rights. Id.

As relief, he contends that he is entitled to damages from all Defendants, including $470,000 for negligence under the Federal Tort Claims Act (FTCA). Id. at 28. He requests "full restitution against the United States for its negligence in controlling the intentional unauthorized acts by its judicial branch officials in their self-established schemes to take [P]laintiff's property and inflict intentional distress." Id. He urges that the Court issue "a writ of mandamus directing the Judges of the U.S. Supreme Court [to] exercise their legal and ethical duty to uphold the constitutions and laws of the United States and Washington State and supervise their subordinate judges." Id.

## II. Legal Standard

In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant [P]laintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005).

The pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he must thus be given every favorable inference that may be drawn from the allegations of fact. Sparrow, 216 F.3d at 1113.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The Court need not accept as true, then, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)).

### III.    Analysis

Although they are hardly perspicuous, Plaintiff appears to be asserting four principal claims. First, he takes issue with the state judge's disposition of his complaint against his former attorney, Ellerby. See Compl. at 14–15; Pl. Opp. at 7. Second, he believes that the orders of two federal judges in the state of Washington should be considered null and void, and that this Court should require — seemingly — the Ninth Circuit and — certainly — the Supreme Court to more vigorously exercise their supervisory duties in overturning those decisions. See Compl. at 4–8; Pl. Opp. at 4–6. Third, he appears to seek damages from the Chief Justice. See Compl. at 1–2. Fourth, to the extent he requests those damages, he desires them also from the United States, which would substitute as the proper defendant under the FTCA. The Court will address each in turn.

Grouping the first two, Plaintiff appears to seek injunctive and mandamus relief as against a state court and various federal courts — including, apparently, the Ninth Circuit and the Supreme Court. This Court, however, lacks subject-matter jurisdiction to compel any of those entities to take action or to vacate any of their decisions or orders. See In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (explaining district court lacks jurisdiction to "compel the Clerk of the Supreme Court to take any action"); Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) (reasoning district court lacked jurisdiction over suit by attorney seeking to vacate a judgment of disbarment from state court); Miller v. Harris, 599 Fed. App'x 1, 1 (D.C. Cir. 2015) ("The district court correctly determined it lacked jurisdiction to review decisions of the United States Supreme Court."); Sanders v. United States, 184 Fed. App'x 13, 14 (D.C. Cir. 2006) (holding district court "lack[s] jurisdiction to review decisions" of another U.S. Court of

Appeals); <u>Bueno v. Hurd</u>, 175 F. App'x 486, 486 (2d Cir. 2006) (holding district courts in these circumstances lack jurisdiction to review claims challenging state-court orders).

Scheidler's third claim seems to seek relief against Chief Justice Roberts. Judges, however, have absolute immunity from suit where plaintiffs seek recovery for judicial acts, as Plaintiff does here. <u>See</u> <u>Sindram v. Suda</u>, 986 F.2d 1459, 1460 (D.C. Cir. 1993); <u>Sibley v. United States Supreme Court</u>, 786 F. Supp. 2d 338, 342 (D.D.C. 2011) ("All of plaintiff's allegations against the Justices of the Supreme Court arise from decisions made in their judicial capacity, and hence absolute judicial immunity is a bar to plaintiff's claims against them."). None of the claims for relief therefore — damages or otherwise — can proceed.

The damages claim — as opposed to the claim for any other relief — against the Chief Justice is similarly unavailing. That is because, to the extent Scheidler seeks damages from a federal officer, the United States substitutes as the proper defendant under the FTCA. Judicial immunity, however, likewise extends to the United States when sued under that statute: "[T]he United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defense to which the United States is entitled." 28 U.S.C. § 2674. Scheidler thus cannot state a claim on that score either.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. A separate Order consistent with this Opinion will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: <u>June 13, 2019</u>

6